OPINION
Appellants Abraham and Janelle Mast are appealing the decision of the Holmes County Court of Common Pleas that entered judgment in favor of Appellee Progressive Casualty Insurance Company ("Progressive") denying appellants underinsured motorist benefits. The following stipulated facts give rise to this appeal.
On August 16, 1996, Robert Kirk, while operating his van on U.S. Route 62, went left of center and struck appellants' pickup truck. Kirk's negligence was the sole cause of the accident. At the time of the accident, Appellant Janelle Mast was a passenger in the pickup truck. On the date of the accident, Kirk had an automobile liability policy issued by Grange Insurance Company providing liability coverage in the amounts of $12,500 per person and $25,000 per accident. Kirk was an underinsured motorist.
Appellants sought underinsured motorist coverage under their policy with Progressive. Progressive denied appellants coverage. Prior to this, on December 22, 1995, Motorist Mutual Insurance Company terminated Appellant Abraham Mast's insurance policy due to traffic violations. On this same date, Randall Miller, agent for Progressive, issued an oral binder of coverage for Appellant Abraham Mast to preclude a lapse in coverage.
Appellant Abraham Mast informed Agent Miller that he could not come into the office on December 22, 1995, to execute the application of insurance. However, Appellant Abraham Mast did appear at Agent Miller's office on December 28, 1995, to execute the application. Agent Miller advised Appellant Abraham Mast about the purpose and use of uninsured/underinsured motorist coverage. Appellant Abraham Mast informed Agent Miller that he did not want uninsured/underinsured motorist coverage and executed a rejection of uninsured/underinsured coverage. Progressive accepted Appellant Abraham Mast's application for insurance and issued a policy with a policy period of "12/22/95 to 06/22/96."
As a result of Progressive's refusal to provided underinsured motorist benefits, appellants commenced this action on April 9, 1997. The parties stipulated to the above facts and submitted this matter to the trial court for a decision. The trial court issued a judgment entry on January 21, 1998, denying appellants underinsured motorist benefits on the basis that appellants had rejected, in writing, such coverage. Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT THE SYLLABUS OF GYORI V. JOHNSTON COCA-COLA BOTTLING GROUP, INC., 76 OHIO ST.3D 565 (1996), DOES NOT APPLY TO UNDERINSURED MOTORIST COVERAGE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT THE POLICY YEAR COMMENCED UPON APPROVAL OF INSURED'S APPLICATION AND THE ISSUANCE OF THE POLICY, WHERE POLICY SPECIFICALLY STATED THE TERM OF THE POLICY YEAR.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE DATE OF A MOTOR VEHICLE ACCIDENT IS CONTROLLING ON THE ISSUE OF WHETHER AN INSURED LEGALLY REJECTED UNDERINSURED MOTORISTS (SIC) COVERAGE UNDER SECTION 3937.18 OF THE OHIO REVISED CODE, WHEN THE ACCIDENT HAPPENED WITHIN THE TERM OF THE POLICY.
 I
Appellants maintain, in their first assignment of error, the trial court erred when it held that the case of Gyori v. JohnstonCoca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, only applied to uninsured motorist coverage. We agree.
We find the trial court's conclusion that the Gyori case only applies to uninsured motorist coverage contradicts the purpose of R.C. 3937.18. Under R.C. 3937.18(A), the statute requires that every motor vehicle liability policy of insurance provide uninsured motorist coverage and underinsured motorist coverage. Further, pursuant to R.C. 3937.18(B), the uninsured/underinsured motorist coverage shall be the same. Finally, R.C. 3937.18(C) specifically states that "[t]he named insured may only reject or accept both coverages offered under division (A) of this section."
Based upon the language of the statute requiring mandatory offering of uninsured/underinsured motorist coverage and the fact that the statute only permits an insured to "reject or accept both coverages", we find the Ohio Supreme Court's decision in Gyori
applies to both uninsured/underinsured motorist coverage.
Appellants' first assignment of error is sustained.
 II
In their second assignment of error, appellants maintain the trial court erred by holding the policy year commenced upon approval of the insured's application and issuance of the policy, where the policy specifically stated the term of the policy year. We disagree.
The trial court distinguished the current case from the holding in paragraph two of the syllabus of Gyori, wherein the Supreme Court of Ohio held:
 2. In order for a rejection of uninsured motorist coverage to be expressly and knowingly made, such rejection must be in writing and must be received by the insurance company prior to the commencement of the policy year.
In doing so, the trial court held that the Ohio Supreme Court, in Gyori, did not define the term "commencement of the policy." The trial court noted that the case sub judice concerns an oral and temporary binder issued by an insurance company's agent in order to prevent a lapse in coverage for a customer. However, the Gyori case dealt with a corporation's policy without a binder.
The parties stipulated, to the trial court, that the policy issued to Appellant Abraham Mast, by Progressive, had a policy period of 12/22/95 to 06/22/96. Therefore, appellants maintain Appellant Abraham Mast did not refuse uninsured/underinsured motorist coverage until December 28, 1996, after the effective date of the policy and pursuant to Gyori, appellant had to do so prior to the commencement of the policy period. Based upon this argument, appellants maintain they are entitled to underinsured motorist coverage.
In Littell v. Republic-Franklin Insurance Company (1965),1 Ohio App.2d 524, 531, the court explained that where a temporary binder is involved, the "policy year" commences only upon approval of the insured's application and the issuance of a policy, regardless of the fact that the policy period may be backdated to cover the time of the oral binder. Although the policy indicates the policy period began on December 22, 1996, the date Agent Miller issued the binder to appellants, appellants' application was not accepted until they submitted a written application, which included the rejection of uninsured/underinsured motorist coverage, and Progressive accepted the application. Affidavit of Randall Miller. Therefore, we conclude the written rejection of uninsured/underinsured motorist coverage is effective because Progressive received the written rejection, executed by Appellant Abraham Mast, prior to approving Appellant Mast's application for insurance. The fact the policy provides the policy period commenced on December 22, 1996, is irrelevant for determining whether Appellant Mast timely rejected uninsured/underinsured motorist coverage because the policy year actually commenced only upon Progressive's approval of Appellant Mast's application for insurance, which contained the rejection of uninsured/underinsured motorist coverage.
Appellants' second assignment of error is overruled.
 III
In their final assignment of error, appellants maintain the trial court erred by finding the date of a motor vehicle accident controlling on the issue of whether an insured legally rejected underinsured motorist coverage when the accident occurred within the term of the policy. We disagree.
In support of this assignment of error, appellants refer to the following language contained in the trial court's judgment entry:
 Second, this case is factually distinguished from Gyori. In Gyori, the accident occurred between the effective date of the policy and the receipt of the written rejection of coverage. It is logical to conclude that where the statute requires express rejection, rejection cannot be effective before it is made. In this case, however, the accident occurred well after the express written rejection of coverage. To hold that Gyori applies to the facts of this case would be to remove the party's ability to contract for insurance coverage, or the lack thereof, as allowed by statute. There is no indication of intention by the Supreme Court in Gyori to rewrite the statute.
Based upon the above language, we do not reach the conclusion, as do appellants, that the trial court found the date of the accident controlling in determining whether an injured party is entitled to uninsured/underinsured motorist benefits when a written rejection has been executed by that party. We believe the trial court was merely distinguishing the facts of the present case from those presented in Gyori. As noted in the second assignment of error, the trial court properly determined, underLittell, that the policy period commenced only upon approval of the application for insurance.
Appellants' third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed in part and reversed in part.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed in part and reversed in part.